UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ADOLFO LAZARO PEREZ,

    Plaintiff,

v.                                    Case No. 8:24-cv-2954-VMC-NHA

JENNA SHANKS,

    Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff initiated this negligence case arising from a car accident in state court. (Doc. # 1-1). Thereafter, on

1

December 23, 2024, Defendant removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The amended complaint does not state a specified claim to damages. (Doc. # 1-1 at 1). Instead, in its notice of removal, Defendant relied upon a July 2024 pre-suit demand letter for $100,000, and the details of damages outlined therein. (Doc. # 1 at 3-4; Doc. # 1-6).

Upon review of the notice of removal, the Court was not persuaded that the amount-in-controversy requirement has been satisfied. (Doc. # 8). Specifically, the Court wrote: "Here,

2

the letter demands $100,000, but estimates that Adolfo Perez's damages for past medical expenses are $9,605.23 – below the $75,000 threshold. The demand letter, which is over five months old, claimed that Mr. Perez may need to undergo a surgery, which would cost $336,865.00. Such a claim of a future medical expense is insufficient to establish the amount-in-controversy requirement. Thus, at this time, the Court is not convinced that the amount-in-controversy requirement has been met by a preponderance of the evidence." (Id.) (citations omitted).

Defendant has now responded to the Court's order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 9). However, Defendant still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its new notice, Defendant reiterates the claimed damages in the demand letter, including the estimated cost of $336,865 for a future surgery and estimates for past and future pain and suffering damages. (Id. at 4-5). Defendant also notes three cases personal injury cases in which juries awarded over $75,000 in damages. (Id. at 6-7).

The Court disagrees with Defendant's arguments. As the Court emphasized before, demand letters do not automatically establish the amount in controversy. See Lamb v. State Farm

3

Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-TJC-JK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"); Piazza v. Ambassador II JV, L.P., No. 8:10-cv-1582-SDM-EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010) (same). Rather, courts evaluate whether demand letters "'reflect puffing and posturing'" or "whether they provide 'specific information to support the plaintiff's claim for damages.'" Lamb, 2010 WL 6790539, at *2 (quoting Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

The Court determines that Plaintiff's demand for $100,000 reflects puffing and posturing. A review of the pre-suit demand letter shows that Plaintiff has only incurred $9,605.23 in medical expenses thus far. (Doc. # 1-6 at 60-61). The remaining damages are hypothetical future medical expenses, such as a surgery estimated to cost $$336,865, and future pain and suffering damages estimated at $2,390,896 over Plaintiff's expected lifetime. (Doc. # 1-6 at 60-62). These estimates were given almost six months ago, and it does not appear that Plaintiff has either scheduled or undergone the recommended surgery. For this reason, the Court does not

4

credit the estimated cost of future medical expenses. See Pennington v. Covidien LP, No. 8:19-cv-273-VMC-AAS, 2019 WL 479473, at *2 (M.D. Fla. Feb. 7, 2019) (concluding that a recommended $110,000 surgery was "a hypothetical future medical expense" and "too speculative to include in the Court's jurisdictional discussion" because the surgery had not yet occurred or been scheduled and there was no evidence to "confirm that this surgery is necessary"); see also Rodriguez v. Family Dollar, No. 8:17-cv-1340-VMC-JSS, 2017 U.S. Dist. LEXIS 88594 (M.D. Fla. June 9, 2017) (remanding the case to state court where the amount in controversy was based on hypothetical future medical damages and reasoning that the pre-suit settlement offers were mere negotiation tactics).

Additionally, both Plaintiff's estimates of past pain and suffering and future pain and suffering damages are too speculative to include in the amount in controversy calculation. "Courts will not speculate as to the value of damages for pain and suffering." Reyes v. Stockhill, 568 F. Supp. 3d 1288, 1292 (M.D. Fla. 2021); see also Johnson-Lang v. Fam. Dollar Stores of Fla., LLC, No. 8:21-cv-902-VMC-CPT, 2021 WL 1625167, at *2 (M.D. Fla. Apr. 27, 2021) ("Family Dollar Stores does not provide sufficient detail about

5

Johnson-Lang's pain and suffering or the other unspecified damages she has allegedly experienced."); Nelson v. Black & Decker (U.S.), Inc., No. 8:16-cv-869-SCB-JSS, 2015 WL 12259228, at *3 (M.D. Fla. Aug. 31, 2015) ("Plaintiff asserts that her damages consist of lost past wages and past medical expenses totaling $55,387.24, plus future medical expenses, plus pain and suffering. There is no information for the Court to estimate the amount of future medical expenses, and the Court will not engage in speculation regarding the value of her claim for pain and suffering.").

Finally, the Court is not persuaded by Defendant's citations to other cases in which juries awarded over $75,000 in damages. (Doc. # 9 at 6-7). Such damages awards in different cases do not support that Plaintiff's damages exceed $75,000 in this particular case. See Javier-Anselmo v. Wal-Mart Stores E., L.P., No. 8:20-cv-548-VMC-JSS, 2020 WL 1271063, at *1 (M.D. Fla. Mar. 17, 2020) ("Wal-Mart still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In fact, the only additional information Wal-Mart provides is a list of other slip-and-fall cases in which Florida courts have awarded over $75,000 in damages. But the Court is not persuaded that such

6

damages awards support that Javier-Anselmo's damages exceed $75,000 in this case." (citation omitted)).

In short, the only concrete damages outlined in the record are $9,605.23 in past medical expenses. (Doc. # 1-6 at 60-61). This is far below the $75,000 minimum to establish jurisdiction. Nor is the Court persuaded by the bare list of injuries Plaintiff suffered that his damages must exceed $75,000. (Id. at 59-60). Defendant has not carried its burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 6th day of January, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE